Court, Chautauqua County, Gerace, J.—CPLR art 78.) Present—Green, J. P., Lawton, Wisner, Scudder and Callahan, JJ.

■ ANNE H. MCLINDEN et al., Appellants, v TONNYA R. SCHOECK, Respondent. [689 NYS2d 916] —Order and judgment unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint on the ground that Anne H. McLinden (plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). From our review of the record, we conclude that the affidavits of the treating physician and chiropractor submitted by plaintiffs in opposition to defendant's motion were sufficient to raise a triable issue of fact whether plaintiff sustained a serious injury (*see, Marszalek v Brown,* 247 AD2d 827; *Hawkins v Forshee,* 245 AD2d 1091; *Denner v Mizgala,* 245 AD2d 1069). (Appeal from Order and Judgment of Supreme Court, Ontario County, Scudder, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner and Callahan, JJ.

■ TAMMY SEEFELDT, Respondent, v JAMES INCLEDON et al., Defendants, and LAWRENCE SCHUYLER et al., Appellants. (Appeal No. 1.) [689 NYS2d 916] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Venue.) Present—Green, J. P., Lawton, Wisner, Scudder and Callahan, JJ.

■ TAMMY SEEFELDT, Respondent, v JAMES INCLEDON et al., Defendants and LAWRENCE SCHUYLER et al., Appellants. (Appeal No. 2.) [689 NYS2d 793] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying, upon renewal, the motion of Lawrence Schuyler, D.O., Fishkill Family Health and Mignonette Mae Willkom, M.D. (defendants) to change venue of this action from Erie County to Dutchess County. In support of the motion, defendants submitted evidence that all of the parties resided in Dutchess County at the time the action was commenced (*see,* CPLR 503 [a]; *Labissiere v Roland,* 231 AD2d 687; *Siegfried v Siegfried,* 92 AD2d 916). The statements in the affidavits submitted by plaintiff that she moved to Erie County prior to the commencement of the action with the intent to remain there are insufficient to establish her residence in Erie County (*see, Labissiere v Roland, supra; Martinez v Semicevic,* 178 AD2d 228; *Siegfried v Siegfried, supra*), particularly in the absence of documentary proof substantiating those statements